IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Siobhan Reaves, Jasmine Patrice, ) | Case No.: 4:24-cv-4980-JD-TER |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Charles Michael Dickens, ) | |
| James A. Segars, Larry McNeil, ) | |
| Marlboro County Sheriff Ofc., ) | |
| County of Marlboro, City of ) | |
| Bennettsville, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 10), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiffs Siobhan Reaves and Jasmine Patrice's ("Plaintiffs") pleadings.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. Nevertheless, the Court provides the following factual allegations from Plaintiff's complaint.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Plaintiffs allege "[t]his is a civil rights action in which plaintiff Kathy seeks relief for violation of her rights secured by 42 USC section 1983, 1988 and the Fourteenth Amendments to the United States against the arresting officer and Larry McNeil." (DE 1, ¶ 1.) Plaintiffs also allege, among other things, that

> 17. Arresting officer Dickens took Kathy into custody, placing handcuffs on her without a warrant or probable cause on November 19, 2021.
>
> 18. Upon booking her into the Marlboro County jail she was placed on HOLD for a warrant in Georgia.
>
> 19. When Georgia declined to prosecute Kathy and did not send a warrant to the SC jail after Kathy was arrested by the arresting officer, the fabricated charge of criminal driving under suspension and speedings was placed on Kathy's SCHP booking Report, along with a fabricated detail of the demographics of which totally contradicted from the Master index of the jail.
>
> 20. Upon hearing of the arrest of Kathy, plaintiffs Jasmine and Siobhan were notified that Kathy had been arrested on what was told a quote "Georgia warrant" at which time Jasmine and Siobhan assumed it was the county warrant and the RCSO police report.
>
> 21. Upon contacting the RCSO Counsel, Siobhan and Jasmine were advised that RCSO did not send a warrant to anyone at SC and that the RCSO police report was the only thing attached to the criminal background of Kathy conducted by the GBI and SLED in accordance with federal law.
>
> 22. Defendants attempted to cover up the false arrest by fabricating a false charge of criminal driving under suspension and speeding, none of which are on the driving record of Kathy.
>
> 23. Evidence further shows in the defendant's attempt to cover up the false arrest and blame Kathy and the SCDMV, Kevin Schwedo in a Notice of Removal of State action filed by arresting officer's attorney Lisa Thomas to federal court 4:22-cv-639-TLW-TER, submitted an affidavit and evidence that Kathy's license were suspended for failure to pay property taxes in Marion County and upon her paying the taxes her driving privileges were reinstated. There is no evidence of criminal driving under suspension and speeding.
>
> 24. In a defense tactic by arresting officer, Larry McNeil, and Marion County Sheriff Office under 4:22-cv-318-TLW-TER, they claimed a quote 'facially valid warrant' defense before Florence Division and was dismissed from the action, claiming that the RCSO police report

2

displayed in the vehicle dashboard was a facially valid warrant, and the Florence Division in violation of the SC 17-9-10 requiring arrests of out of state warrants to go thru the Governor, fell for the coverup and the arresting officer was off the hook for the false arrest, and began to taunt the plaintiffs in a celebratory moment of arresting a black person and getting away with it, arresting a black person without a warrant and without probable cause and getting away with.

25. In a recent ruling under S.D.G.A. clearing the myth and cover up that a facially valid warrant was displayed in the arresting officer's vehicular dashboard, Judge C.J. Hall identified the quote facially valid warrant from Richmond County as a county warrant valid only in the jurisdiction of Richmond County and would never be a facially valid warrant and for such other cause and purpose RCSO counsel never sent a warrant to anyone in the Marlboro County state jurisdiction or the Florence Division. Not only that but the Civil Magistrate judge Carletta Sims-Brown and H. Scott Allen denied under Open Records Document Request issuing a warrant application against any of the plaintiffs and Kathy. For such a cause Kathy was arrested in the jurisdiction of Florence Division without a warrant by the arresting officer and wrongly detained in the Marlboro County jail for fourteen hours and has yet to receive a hearing on the HOLD.

26. County of Marlboro has a pending action in Magistrate Court of which plaintiffs required a jury trial three years ago on the arrest and County of Marlboro has denied a jury trial.

27. Segars was notified of all events by Kathy and he failed to intervene.

28. At all times hereto relevant, defendants were acting under the color of state law.

(DE 1.) Plaintiffs' lawsuit alleges eight causes of action: 1) Malicious Prosecution, 2) Negligence, 3) Conspiracy, 4) False Arrest, 5) Unlawful Detention, 6) Intentional Infliction of Emotional Distress, 7) Libel/Slander, and 8) First Amendment Right to Privacy. (DE 1.) Plaintiffs request monetary damages. (*Id.*) Siobhan Reaves and Jasmine Patrice signed the lawsuit, but Kathy Reaves is not named in the caption.

### B. Report and Recommendation

On September 17, 2024, the Magistrate Judge issued the Report recommending dismissal "*without prejudice and without issuance and service of*

3

*process*" because "Plaintiffs Siobhan and Jasmine lack standing to pursue this action." (DE 10 at 3-4.) The Report found that "Plaintiffs Siobhan and Jasmine have not pleaded any legally protected interest regarding Kathy's arrest." (*Id.*) (*see McIlwain v. Prince William Hosp.*, 774 F. Supp. 986, 991 n.6 (E.D. Va. 1991)(collecting cases on lack of standing of relatives).

On October 9, 2024, Jasmine Patrice ("Patrice") and Kathy Reaves (who is not a party to this action) objected to the Report.[2] (DE 12.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2]     Given that Jasmine Patrice and Kathy Reaves signed the objection, the Court accepts it on Ms. Patrice's behalf.

**D. Patrice's Objection**

Patrice objects to the Report, raising several matters. Patrice seeks a stay purportedly under Rule 15, Fed. R. Civ. P., so that Kathy Reaves can comply with this Court's prefiling injunction so that she can be added to this case. *See Kathy Reaves v. Travis Washington et al.*, 4:23-cv-3847.[3] Plaintiffs also seek to disqualify Judge Rogers under 28 U.S.C section 455.

To begin with, Patrice's objection does not address the Report's finding that she lacks standing. The Report correctly addresses the requirement for standing to proceed before the Court.

> [T]he party invoking the jurisdiction of the court must include the necessary factual allegations in the pleading, or else the case must be dismissed for lack of standing. *Bishop v. Bartlett*, 575 F.3d 419, 424 (4th Cir. 2009). A federal district court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing.

---

[3] In *Kathy Reaves v. Travis Washington et al.*, 4:23-cv-3847, this Court ordered the following prefiling injunction against Kathy Reaves:

> Plaintiff must also pay the filing fee in full or obtain counsel to file new actions related to any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment.
>
> Further, Plaintiff is **ORDERED** to accompany any newly filed Complaint with a 'Motion for Leave to File Pursuant to Court Order,' which should not exceed twenty pages in length and shall be forwarded to the Magistrate Judge for determination as to whether leave to file shall be granted, and Plaintiff's Motion shall be accompanied by: (1) a copy of the district judge's pre-filing injunction Order; (2) a statement from Plaintiff that the claims or relief sought are unrelated to the subject matter prohibited as outlined above; (3) a short and plain statement setting forth a valid basis for the claims or relief sought; and (4) a statement that the claims or relief sought either have or have not been raised before in other litigation, and if the claims/relief have been previously raised, then Plaintiff must provide the name of the case, the court where it was filed, the case number, and the disposition of the claims. Failure to comply with any of these requirements will be grounds for the Court to deny a 'Motion for Leave to File Pursuant to Court Order' submitted by Plaintiff.

5

> *Meyer v. McMaster*, 394 F. Supp. 3d 550, 559 (D.S.C. 2019)(internal citations and quotations omitted). To show standing, Plaintiffs here must show: (1) that they 'suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical;' (2) 'a causal connection between the injury and the conduct complained of'; and (3) that it is 'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.' *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) (internal citations and quotation marks omitted).

(DE 10 at 3.) Plaintiffs do not allege any legally protected interest concerning Kathy's arrest. Therefore, Plaintiffs cannot satisfy the injury in fact element of the standing test.

Even so, Patrice seeks a stay to allow Kathy time to satisfy the Court's prefiling injunction to be added to this case. Although Plaintiffs correctly note that Rule 15, Fed. R. Civ. P., allows amendments, Rule 15 does not afford Plaintiffs a stay to allow a third party to be added to a case. A stay would be pointless since this Court lacks jurisdiction under the standing doctrine, and adding Kathy Reaves will not correct this deficiency. Moreover, the Report recommends this matter be dismissed without prejudice, and since Plaintiffs have not shown how they would be prejudiced otherwise, Plaintiffs' request is denied.

As for Patrice's request to disqualify Judge Rogers under 28 U.S.C section 455 (a) and (b), the disqualification statute provides,

> (a) Any justice, judge, or magistrate judge of the United States *shall disqualify himself* in any proceeding in which his impartiality might reasonably be questioned.
> (b) *He shall also disqualify himself* in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . .

28 U.S.C. § 455 (a), (b) (emphasis added). Patrice contends, among other things, that she believes Judge Rogers "is experiencing difficulty in ruling fairly against Kathy[] as [Judge] Rogers [] was also on the ruling with [Judge] Wooten who is no longer on this case causing the plaintiffs to file a Motion pursuant to 28 USC 455(a)(b) against [Judge] Rogers[.]" (DE 12 at 6.)

As a threshold matter, the disqualification statute imposes a duty on the purported offending judge to disqualify *himself* and not this Court. Also, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994). Lastly, as noted in footnote 1, the Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, which the Court has done. Since Patrice's charge of bias centers on Judge Rogers' unfavorable rulings (*though only* Reports and Recommendations and not final rulings), the Court overrules this objection.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 10) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiffs' Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*Joseph Dawson III*
Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 23, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.