IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Siobhan Reaves and Jasmine Patrice, Plaintiffs, vs. Charles Michael Dickens, et al., Defendants. | Case No.: 4:24-cv-04980-JD<br><br>**ORDER AND OPINION** |

This matter is before the Court on Plaintiffs' Motion for Relief from Judgment (DE 17), filed pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3). Also before the Court is Plaintiffs' Memorandum in Support of Motion to Amend (DE 18), which the Court liberally construes as a request for leave to amend the Complaint following entry of final judgment. For the reasons below, the Court DENIES both requests.

## I. BACKGROUND

Plaintiffs Siobhan Reaves and Jasmine Patrice, proceeding pro se, filed this action under 42 U.S.C. § 1983 on September 12, 2024. (DE 1.) Although the Complaint primarily challenged the allegedly unlawful arrest and detention of Kathy Reaves, Kathy was not named as a plaintiff. Following initial review under 28 U.S.C. § 1915(e), the Magistrate Judge recommended dismissal without prejudice and without

issuance and service of process because the named Plaintiffs lacked standing to assert claims arising from Kathy's arrest. (DE 10.) Plaintiffs filed objections. (DE 12.)

On January 23, 2025, the Court adopted the Report and Recommendation and dismissed the Complaint without prejudice and without service. (DE 14.) As the Court concluded, the named Plaintiffs had not alleged a legally protected interest concerning Kathy's arrest sufficient to establish an injury in fact. (*Id.* at 5–6.) The Clerk entered judgment that same day. (DE 15.)

On March 27, 2026, Plaintiffs filed the present Motion for Relief from Judgment (DE 17), alleging fraud, misconduct, and constitutional violations associated with Kathy's arrest and detention. Plaintiffs contend that law-enforcement personnel relied on inaccurate or unverified records, including information originating from Georgia, and detained Kathy without a valid warrant or probable cause. They ask the Court to vacate the judgment, find fraud on the Court, and declare that constitutional violations occurred. (DE 17.)

Plaintiffs also filed a Memorandum in Support of Motion to Amend (DE 18), requesting leave to amend the closed action and add Kathy Reaves as a plaintiff. A proposed amended complaint accompanies that filing. (DE 18-1.)

## II. LEGAL STANDARD

Rule 60(b)(3) permits relief from a final judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Such a motion must be filed "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). To obtain

relief under Rule 60(b)(3), the movant must present a meritorious claim or defense, establish misconduct by clear and convincing evidence, and show that the misconduct prevented full presentation of the case. The Court then weighs finality against the interest in justice. *Morgan v. Tincher*, 90 F.4th 172, 178–80 (4th Cir. 2024).

Rule 60(d)(3), by contrast, preserves the Court's power to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). This doctrine is narrowly confined to egregious misconduct directed at the judicial process itself, such as bribery of a judge or juror or improper influence on the Court by an attorney. *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135–36 (4th Cir. 2014); *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1356–57 (4th Cir. 1982). Factual disputes and ordinary alleged misconduct that do not corrupt the judicial process fall short of this demanding standard. *Fox*, 739 F.3d at 136–37.

Following final judgment, a complaint cannot be amended unless the judgment is first vacated. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (en banc). Where a party seeks vacatur under Rule 60(b), the party must satisfy that Rule's more restrictive requirements before the Court may consider amendment under Rule 15(a). *Daulatzai v. Maryland*, 97 F.4th 166, 178–79 (4th Cir. 2024) (distinguishing postjudgment motions under Rules 59(e) and 60(b)).

## III. DISCUSSION

### A. Relief Under Rule 60(b)(3)

Plaintiffs' request for relief under Rule 60(b)(3) is untimely. The Clerk entered final judgment on January 23, 2025. (DE 15.) Plaintiffs did not file DE 17 until March

27, 2026, more than one year later. Accordingly, Rule 60(c)(1) forecloses relief under Rule 60(b)(3).

Independently, Plaintiffs have not identified misconduct by an opposing party that prevented them from fully presenting their case. The January 2025 judgment resulted from the Court's initial screening of the Complaint under § 1915(e), not from an adversarial proceeding. No Defendant had been served, filed a responsive pleading, or submitted evidence on which the Court relied in dismissing the action. (DE 10; DE 14.) Thus, unlike the discovery misconduct addressed in *Morgan*, 90 F.4th at 178–80, Plaintiffs identify no fraud, misrepresentation, or misconduct by an opposing party that procured the judgment or interfered with their ability to present their claims.

The Court also dismissed the Complaint because the named Plaintiffs had not established standing to litigate claims arising from Kathy Reaves's arrest. (DE 14 at 5–6.) The present Motion does not identify a defect in that jurisdictional determination. Instead, it advances additional allegations concerning the asserted violation of Kathy's constitutional rights. Even accepting those allegations as true for purposes of this Motion, they would not establish that Siobhan Reaves or Jasmine Patrice suffered an injury sufficient to confer standing to maintain the original action.

Accordingly, Plaintiffs have not established a basis for relief under Rule 60(b)(3).

**B. Fraud on the Court Under Rule 60(d)(3)**

Plaintiffs alternatively invoke Rule 60(d)(3), alleging that Defendants committed fraud on the Court through the use of inaccurate law-enforcement records, failure to verify the existence of a valid warrant, and misrepresentations concerning the legal authority for Kathy's arrest and detention. (DE 17.)

Although Rule 60(d)(3) is not subject to the one-year limitation applicable to Rule 60(b)(3), it does not provide an alternative means of avoiding that limitation through allegations that fall short of fraud directed at the integrity of the judicial process. *See Fox*, 739 F.3d at 135–37; *Great Coastal Express*, 675 F.2d at 1356–57.

Liberally construed, Plaintiffs' Motion challenges the conduct of law-enforcement personnel surrounding Kathy's arrest and detention, including their reliance on allegedly unreliable interstate records and their asserted failure to establish lawful grounds for her custody. Those allegations concern the underlying events giving rise to the proposed constitutional claims. They do not establish fraud in the federal proceedings that resulted in the January 2025 judgment.

As discussed above, the Court dismissed this action before service of process because the named Plaintiffs lacked standing. No Defendant participated in those proceedings or submitted representations upon which the Court relied in reaching that determination. Plaintiffs identify no deliberate scheme to corrupt the judicial process, no material falsehood presented to this Court to procure dismissal, and no other misconduct directed at obtaining the judgment.

The Court expresses no view concerning whether Kathy Reaves's arrest or detention violated the Fourth Amendment. Even assuming the underlying allegations are true, they do not establish the kind of egregious interference with the judicial process required for relief under Rule 60(d)(3). *See Fox*, 739 F.3d at 135–37.

Accordingly, Plaintiffs have not demonstrated fraud on the Court, and relief under Rule 60(d)(3) is unwarranted.

**C. Post-Judgment Request to Amend**

Plaintiffs also seek leave to amend the Complaint and add Kathy Reaves as a plaintiff. (DE 18; DE 18-1.) The proposed amended complaint principally concerns constitutional injuries allegedly arising from Kathy's arrest and detention. However, the January 23, 2025 judgment remains operative. As the Fourth Circuit explained in *Daulatzai*, a party seeking to amend a complaint after final judgment must first establish a basis for vacating that judgment. 97 F.4th at 178–79. The liberal amendment standard under Rule 15(a) does not independently authorize reopening a closed action when Rule 60(b) requirements have not been satisfied. *Id.*; *Laber*, 438 F.3d at 427.

Here, Plaintiffs have not established grounds for relief from judgment. There is thus no pending complaint to amend, and the Court cannot grant leave to add Kathy Reaves to this closed action. The request for leave to amend is therefore denied without reaching whether the proposed pleading otherwise satisfies Rule 15(a).

The Court expresses no view concerning the merits, timeliness, or procedural propriety of any separately filed action by a proper plaintiff. Nothing in this Order

modifies any prefiling injunction or other filing restriction imposed in a separate proceeding, including the restrictions addressed in the Court's prior Order. (DE 14 at 5 n.3.)

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Relief from Judgment (DE 17) is **DENIED**. Plaintiffs' request for leave to amend (DE 18) is likewise **DENIED**.

The January 23, 2025, judgment (DE 15) remains undisturbed, and this action shall remain **CLOSED**.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 9, 2026

## NOTICE OF RIGHT TO APPEAL

Any party wishing to appeal this Order must file a notice of appeal within thirty (30) days after entry of this Order, as provided by Rules 3 and 4(a)(1)(A) of the Federal Rules of Appellate Procedure. This notice concerns the right to appeal the present Order and does not extend or reopen the time to appeal the January 23, 2025, judgment.